IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAMAR EDISON, JR., #00351-112, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0549-D |
| | ) | |
| DAVID BERKEBILE, Warden, | ) | |
| FCI Seagoville, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, stems from a motion to vacate sentence under 28 U.S.C. § 2255, filed in the U.S. District Court for the Central District of California. On March 7, 2007, the district court denied relief under § 2255 and transferred the § 2241 claim to this court.

Parties: Petitioner is incarcerated within the Federal Bureau of Prisons (BOP) at the Federal Correction Institution (FCI) in Seagoville, Texas. Respondent is the Warden of FCI Seagoville. Process was issued in this case.¹

---

¹ The court has modified the caption to reflect the Warden at FCI Seagoville as the respondent in this case. The proper respondent to a habeas petition under § 2241 is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S.Ct. 2711, 2717 (2004).

Statement of Case: On May 18, 1993, the police department in Gardena, California, arrested Petitioner. (Gov't Response, Jeff Vize's Declaration at 3). On May 20, 1993, Petitioner was transferred to U.S. Marshal custody based upon a warrant issued by the District Court in the Southern District of Mississippi. (*Id.*). On June 4, 1993, Petitioner was released on a $50,000 secured appearance bond. (*Id.*). Thereafter, on July 16, 1993, a federal grand jury in the Southern District of Mississippi, Hattiesburg Division, returned a two-count indictment, charging Petitioner with drug conspiracy, in violation of 21 U.S.C. § 846(a)(1), and distribution of cocaine for sale, in violation of 21 U.S.C. § 841(a). (Gov't Response at 2). The case was subsequently transferred pursuant to Rule 20, Federal Rules of Criminal Procedure, to the U.S. District Court for the Central District of California, Los Angeles Division. *See United States v. Lamar Edison, Jr.*, 2:93-CR-0643. On August 23, 1993, Petitioner pled guilty to Count 2 of the indictment. On November 8, 1993, he failed to appear for sentencing. *Id.*

On December 8, 1994, Petitioner was arrested by the Chicago Police Department on an unrelated drug offense. (Gov't Response, Jeff Vize's Declaration at 3). On May 12, 1997, he was sentenced to 15 years imprisonment for possessing a controlled substance with intent to deliver in an Illinois state court. (*Id.*). On September 8, 1997, he was transferred to federal custody on a writ of habeas corpus ad prosequendum, and on December 9, 1997, the Honorable William J. Rea sentenced him to 324-months imprisonment. (*Id.*). Judge Rea ordered that the sentence "shall run concurrent to the sentence imposed in Cook County Circuit Court, Case No. 35CR00404, with no credit for time served prior to the time the defendant was writted to federal custody." (*Id.* at 3-4). Petitioner did not appeal his sentence.

Thereafter on May 27, 1998, Petitioner was returned to state custody to serve his state

2

sentence. (*Id.*). On December 4, 2001, after completing his state sentence, Petitioner was returned to custody of the BOP to begin serving his federal sentence.

On January 5, 2006, Petitioner filed a motion to vacate, set aside or correct sentence in the Central District of California, raising three claims under 28 U.S.C. § 2255, and one claim challenging the calculation of his sentence under 28 U.S.C. § 2241. *United States v.* Edison, 2:06cv0090 (C.D. Cal). On March 7, 2007, the district court denied relief on the § 2255 claims, and transferred the § 2241 claim to this court because Petitioner was incarcerated within the Northern District of Texas.

In his § 2241 claim, Petitioner asserts he is entitled to 896 days credit toward his federal sentence for time he spent in custody prior to his federal sentencing. Specifically, he alleges that he is entitled to pre-sentence credit for the period from May 18, 1993, to June 4, 1993 (when he was in the custody of the police department in Cardena, California, and then in the exclusive custody of the U.S. Marshal until his release on pre-trial bond), and for the period from December 8, 1994 (the date of his arrest in Chicago), to May 11, 1997 (the day before he was sentenced in the State of Illinois).

Respondent has filed a response objecting to Petitioner's request for pre-sentence credit. Petitioner has filed a reply.

<u>Findings and Conclusions:</u> The Attorney General has the responsibility for imprisoning federal inmates, and such obligation is administratively carried out by the BOP. *United States v. Wilson,* 503 U.S. 329, 331, 113 S. Ct. 1351 (1992). For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. § 3585. *Id.* at 332.

Under 18 U.S.C. § 3585(b), the BOP is authorized to grant a prisoner credit for pre-

3

sentence detention. Generally, a federal prisoner is entitled to receive credit for any time he has served in custody prior to his federal sentence, as long as that time has not previously been credited towards any other sentence. *See* 18 U.S.C. § 3585(b). Section 3585(b) reads as follows:

> Credit for prior custody. -- A defendant is to be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited towards another sentence.

18 U.S.C. § 3585(b).

Petitioner requests pre-sentence credit for the period from May 18, 1993 (the date he was arrested by the Gardena Police Department for the offense at issue in his federal case), until May 20, 1993 (when he was turned over to the custody of the U.S. Marshal Service based upon the warrant issued by the District Court in the Southern District of Mississippi). Petitioner also requests pre-sentence credit for the period he was in the sole custody of the U.S. Marshal from May 20, 1993, until June 4, 1993, when he was released on pre-trial bond in his federal case.

Under § 3585(b)(1), Petitioner would be entitled to pre-sentence credit for these time periods because time was served as a direct result of the federal offense for which he was sentenced in No. 2:93cr0643. The judgment and commitment order, however, states that "no credit" shall be given to Petitioner "prior to the time the defendant was writted to federal custody." (*See* Gov't Response at Vize's declaration at 3-4, and at Exh. C). It is undisputed that Petitioner was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum on only one occasion, on September 8, 1997. (*Id.* at 3). Accordingly, the BOP

4

properly denied pre-sentence time credit from May 18 until June 4, 1993.

Next Petitioner requests pre-sentence credit for the period from December 8, 1994 (the date of his arrest in Chicago), until May 11, 1997 (the day before Petitioner was sentenced in the State of Illinois). He does not dispute that he received credit for this time period toward his Illinois state sentence.

Under § 3585(b), federal prisoners ordinarily are not entitled to pre-sentence credit that has previously been credited towards another sentence. *Willis v. United States*, 438 F.2d 923, 925 (5th Cir. 1971), recognized an exception to the above rule. *See Chaplin v. United States,* 451 F.2d 179, 181 (5th Cir. 1971); *Radcliffe v. Clark,* 451 F.2d 250, 252 (5th Cir. 1971). The BOP has incorporated the *Willis* exception in Program Statement 5880.28, Sentence Computation Manual of 1984.

The *Willis* exception provides that when non-federal and federal sentences are running concurrent to each other, an inmate may receive credit for any time spent in non-federal pre-sentence custody that occurs on or after the date of the federal offense, up to the date the first sentence (state or federal) commences.[2]

In *Willis*, the petitioner had been arrested by federal authorities and admitted to bail. On October 31, 1968, he was arrested by state authorities. His federal bail was revoked, and state bail was refused because a federal detainer was lodged against him. Thereafter, he was

---

[2] Program Statement 5880.28(2)(c) provides that if a prisoner's federal and state sentences are concurrent, and the federal sentence is to run longer than the state sentence (not counting any credits), "[p]rior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal. These time credits are known as Willis time credits (See *Willis v. U.S.*, 449 F.2d 923 (CA 5 1971))." Program Statement 5880.28(2)(c), page 1-22 available http://www.bop.gov, via the "Policy/Forms" link.

sentenced on the federal charge, and then on December 10, 1968, on the state charges, the state sentence designated to run concurrently with the federal sentence. The state court also gave the petitioner credit on his state sentence for the time spent in custody between October 31, 1968, and December 10, 1968, but the action did not result in any reduction in the time *Willis* would actually have to spend in custody, because the federal sentence was not scheduled to expire until nearly a year after the state sentence.

Willis sought credit on his federal sentence. The Fifth Circuit held that credit for the time between his arrest on October 31, 1971, and his state conviction December 10, 1971, was controlled by *Davis v. Attorney General*, 425 F.2d 238 (5th Cir. 1970), which held that if a prisoner is denied bond because of a federal detainer then that is time "'spent in custody in connection with the (federal) offense . . . .'" *Willis*, 438 F.2d at 925. The basis for the ruling is that in the circumstances presented by *Willis,* granting the prisoner credit on his state sentence worked no actual reduction in the total length of his incarceration because the federal sentence was not due to expire until long after the state sentence. *Radcliffe,* 451 F.2d at 252.

Under the *Willis* exception, Petitioner would be entitled to pre-sentence credit from December 8, 1994 (the date of his arrest in Chicago), until May 11, 1997 (the day before he was sentenced in the State of Illinois). However, because of the limitation Judge Rea placed at sentencing, *Willis* is not applicable to this case. The judgment and commitment order specifically states that "no credit" shall be given to Petitioner "for time served prior to the time defendant was writted to federal custody." *See* Gov't response at Vize's declaration, Exh. C). Petitioner was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum on September 8, 1997. Accordingly, the BOP properly denied Petitioner pre-

6

sentence credit from any time preceding that date, which includes the period from December 8, 1994, to May 11, 1997.

Petitioner argues that Judge Rea, the sentencing judge, overstepped his bounds when he ordered that he receive "no credit for time served prior to the time defendant was writted to federal custody." Petitioner should have presented this claim in a direct appeal. It is not the prerogative of this court to second guess Judge Rea's sentencing decision.

In addition, it is important to note that the facts of this case are distinguishable from *Willis*. While Willis was free on bail on the federal charge, he was arrested by state authorities, his federal bail was revoked, and he was thereafter denied bail on the state charges due to the federal detainer lodged against him. *See Willis*, 438 F.2d at 925.

Unlike *Willis*, Petitioner was no longer free on pre-trial bond at the time of his December 8, 1994 arrest in Chicago. He violated the terms of his secured appearance bond in November 1993, when he failed to appear for his federal sentencing. He also absconded for over one year until his December 8, 1994 arrest in Chicago. Having failed to comply with his secured appearance bond, it is understandable why the sentencing judge decided Petitioner should not reap any benefit from the *Willis* decision and receive, what is in essence, double-credit for his pre-sentence time.

It is important to note that Petitioner received credit for the period December 8, 1997 (when he was sentenced by Judge Rea), to December 4, 2001 (the date on which he was transferred to federal custody to begin serving his federal sentence) consistent with Judge Rea's order that the federal sentence run concurrent to Petitioner's state sentence. (*See* Gov't Response, Declaration of Jeff Vize at 8). While the BOP did not give Petitioner credit for the period

7

September 8, 1997 (when he was transferred to federal custody on a writ of habeas corpus *ad prosequendum*), to December 8, 1997 (the day before his federal sentencing), such credit is unavailable. Under the *Willis* exception pre-sentence credit is available only until the imposition of prisoner's first sentence (the state sentence in this case). Petitioner was sentenced in Illinois state court on May 12, 1997. Thus, under the *Willis* exception, Petitioner cannot be given pre-sentence credit for any time after May 11, 1997. The period September 8, 1997, to December 8, 1997, all arose after Petitioner's state sentencing, and since he obtained credit for this period from the state, he is not entitled to the same benefit from the BOP merely because his subsequent federal sentence was ordered to run concurrently. *See Rios v. Wiley,* 201 F.3d 257, 273 n. 13 (3d Cir. 2000) (overruled on other grounds) (concluding that *Willis* exception does not extend to permit federal credit for time served after concurrent state sentence was imposed); *see also Grigsby v. Bledsoe*, 223 Fed. Appx. 486, *489 (7th Cir. 2007).[3]

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be DENIED AND DISMISSED.

The Clerk will MAIL a copy of this recommendation to Petitioner, and

---

[3] In his reply, Petitioner cites a BOP memorandum addressing the "Impact of Sentencing Guideline 5G1.3." (Pet's Reply at 2). Credit awarded under § 5G1.3 and under *Willis* are not the same. *See United States v. Dorsey*, 166 F.3d 558, 564 (3rd Cir. 1999) ("Under section 5G1.3(b), the district court does not award a *Willis* credit (because this is time that will be awarded by the BOP) but does award credit for the remainder of the prefederal sentencing time (because the BOP cannot award this under section 3585(b)))."
Petitioner further states that in the past the BOP attempted to have him properly credited with jail credits in accordance with *Willis*. (*See* Pet's Reply at 3). An Inmate Systems Manager even stated that she was in the process of corresponding with Petitioner's sentencing judge. (*Id.* at 3-4). Regardless of the statements and promises made to Petitioner, it is clear that under the limitation placed in the judgment and commitment issued on December 9, 1997, in No. 2:93cr0643, Petitioner is not entitled to *Willis* credit for the reasons set out above.

ELECTRONICALLY SERVE the recommendation on counsel for Respondent.[4]

Signed this 18th day of January, 2008.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[4] In the event the United States Attorney for the Northern District has not had an opportunity to appear on behalf of Respondent before the filing of this recommendation, the Clerk should electronically send a copy of this recommendation to the attention of the Civil Chief, United States Attorney's Office, in the same fashion as in new federal habeas corpus proceedings.